# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2017

Lyle W. Cayce
Clerk

LUIS JARAMILLO, also known as Luis Alberto Jaramillo, also known as Luis
Alberto Sifuentiz, also known as Luis Alberto Velasquez,

Plaintiff-Appellant

v.

ROSS RENNER, Amarillo Police Department; JOHNNY BERMEA, Amarillo
Police Department; ROBERT WOODARD, Amarillo Police Department,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-118

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Luis Jaramillo, Texas prisoner # 2003081, appeals the dismissal of his
42 U.S.C. § 1983 action for failure to state a claim upon which relief could be
granted. He alleged that the defendants violated his Fourth Amendment
rights by illegally detaining, searching, and arresting him for possession of a
controlled substance. He also asserted a claim of malicious prosecution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-10359

First, the district court did not err in finding that his claims of false arrest and illegal search and seizure were time barred.  On the date of the search and seizure, that is, May 5, 2008, there was no "extant conviction" but merely an "anticipated future conviction"; consequently, the statute of limitations began to run for those claims on that date.  *Wallace v. Kato*, 549 U.S. 384, 393 (2007).  As for his claim of false arrest, the limitation period began to run when he was detained pursuant to legal process, that is, no later than August 26, 2008.  *See Wallace*, 549 U.S. at 388, 397.  His § 1983 complaint, filed no earlier than April 7, 2015, was thus untimely as to his claims of false arrest and illegal search and seizure.  *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993) (borrowing two-year statute of limitations period from Texas law for § 1983 case).

Jaramillo contends that he is nevertheless entitled to tolling under state law for the period during which he challenged his conviction.  We need not decide this question because, even with the benefit of that tolling, his claims would still be untimely.  Jaramillo was convicted in March 2009, and the conviction was set aside in August 2013.  At least 27 months elapsed before he filed suit: seven months expired from the time he was detained pursuant to legal process until he was convicted, and another 20 months expired after the conviction was set aside but before he filed suit.

Second, the district court did not err in its determination that Jaramillo's malicious prosecution claim failed as a matter of law.  *See Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003) (en banc).

Accordingly, the judgment of the district court is AFFIRMED.